UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ARTHUR FRED, Jr., <br><br> Defendant. | Case No. 4:13-CR-247-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion to exclude evidence filed by defendant Arthur Fred. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

## ANALYSIS

Defendant Fred is charged with using a knife to stab Allyn Kniffin in the arm. The Government alleges that the incident began when Fred punctured the tires on Kniffin's truck while Kniffin was visiting inside a home on the Fort Hall Reservation. Kniffin exited the home when he heard the air escaping from his tires, and was stabbed by Fred, according to the Government. Fred was charged with (1) Assault Resulting in Serious Bodily Injury, in violation of 18 U.S.C. §§ 113(a)(6), 1153, and (2) Assault with a Dangerous Weapon, in violation of 18 U.S.C. §§ 113(a)(3), 1153.

Fred argues that any evidence of him slashing Kniffin's tires should be excluded as irrelevant and unduly prejudicial. Fred argues that the tire slashing does not satisfy

**Memorandum Decision – page 1**

any element of the assault crimes. The Court disagrees. The tire slashing took place, according to the Government, immediately before the stabbing, and was the reason that Kniffin exited the home and was confronted by Fred. Fred's tire slashing is some evidence that he had a sharp object, targeted Kniffin, and stabbed him not by accident but intentionally. This evidence bears directly on the elements of the charged crimes and therefore appears relevant under Rule 402.

Fred argues next that evidence of other crimes is inadmissible under Rule 404(b). That is the general rule, but such evidence is admissible if (1) the evidence tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged. *U.S. v. Vizcarra-Martinez,* 66 F.3d 1006, 1012-13 (9th Cir. 1995). As explained above, the tire slashing is some evidence that bears directly upon elements of the assault crimes charged here. It occurred immediately before the stabbing and the Government asserts it will prove that the slashing was done by Fred. If the evidence is presented as the Government alleges, each of the four criteria will be satisfied.

Finally, Fred argues that the evidence is unduly prejudicial under Rule 403. The prejudice arises, he alleges, because the jury might convict him for tire slashing instead of the assault crimes charged in the indictment. *Old Chief v. United States*, 519 U.S. 172, 180 (1997) (holding that evidence is "unduly prejudicial" under Rule 403 when it "lure[s] the factfinder into declaring guilt on a ground different from proof specific to the offense charged"). The Court can ensure through instructions to the jury that the tire slashing is

**Memorandum Decision – page 2**

not confused with the assault. Moreover, the probative value of the evidence, as explained above, is quite high. Thus, the Court cannot find at this stage of the proceedings – as required for exclusion under Rule 403 – that the probative value of the evidence is substantially outweighed by the danger that the jury might be misled or that the defendant may be unfairly prejudiced.

For all of these reasons, the Court will deny the motion to exclude this evidence. However, the denial is without prejudice to the right of Fred to raise this motion again at trial if the evidence is not presented as assumed in this decision.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude evidence (docket no. 14) is DENIED.

DATED: June 3, 2014

_____
B. Lynn Winmill
Chief Judge
United States District Court